Island Life Chiropractic, P.C., as Assignee of Troy Gittens, Appellant, 
against
United Services Automobile Association, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered March 5, 2015. The order, insofar as appealed from and as limited by the brief, granted defendant's cross motion to dismiss the complaint for plaintiff's failure to provide discovery, pursuant to an order of the same court (Richard G. Latin, J.) entered March 28, 2014, to the extent of directing plaintiff to serve responses to defendant's discovery demands within 60 days and to refrain from serving a notice of trial until discovery is complete.




ORDERED that the order entered March 5, 2015, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant, on December 9, 2013, served an answer and combined demands for discovery, a demand for verified written interrogatories and a notice of examination before trial. Upon plaintiff's failure to provide the requested discovery, defendant moved to dismiss the complaint, pursuant to CPLR 3126, or, in the alternative, to compel plaintiff to respond to the demands, pursuant to CPLR 3124. By order entered March 28, 2014, the Civil Court (Richard G. Latin, J.) granted defendant's unopposed motion to the extent of compelling plaintiff to provide "complete and verified responses to defendant's discovery demands within 60 days," and stated that the failure to comply with the order may result in the dismissal of the complaint upon motion by defendant. The order and notice of its entry were served on plaintiff's counsel on April 1, 2014.
Plaintiff did not provide the requested disclosure. On October 2, 2014, plaintiff moved for, among other things, summary judgment. Defendant cross-moved to dismiss the complaint, pursuant to CPLR 3126. Plaintiff opposed the cross motion and annexed written discovery responses which had been verified in February 2015 and which consisted primarily of objections to the demands. As limited by its brief, plaintiff appeals from so much of an order of the Civil Court (Mojgan Cohanim Lancman, J.) entered March 5, 2015 as granted defendant's cross motion to the extent of directing plaintiff to provide within 60 days "complete" verified responses as ordered by the Civil Court on March 28, 2014 and to refrain from serving a notice of trial until discovery is complete.
Since the demands for discovery were served on plaintiff's counsel on December 9, 2013 and plaintiff did not challenge the propriety of the demands until February 10, 2015, plaintiff [*2]failed to object within the time prescribed by CPLR 3122 (a). Thus, plaintiff is obligated to produce the information sought by defendant except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; AVA Acupuncture, P.C. v AutoOne Ins. Co., 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Plaintiff has failed to establish that the discovery demands served by defendant seek information which is palpably improper or privileged. In light of the foregoing and the Civil Court order entered March 28, 2014, and as plaintiff's remaining contentions lack merit, we find no basis to disturb the March 5, 2015 order, insofar as appealed from.
Accordingly, the order entered March 5, 2015, insofar as appealed from, is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017